**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**     JS-6

| | |
|---|---|
| DHINTEC, INC., | **Case No. CV 16-06362-ODW (RAOx)** |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |
| ELI PEREZ, et al., | |
| Defendants. | |

## I.

## FACTUAL BACKGROUND

On June 23, 2016, Plaintiff Dhintec, Inc. ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Eli Perez, Otniel Perez, and Does 1 to 10 (collectively, "Defendants"). (Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1.) Plaintiff alleges that it is the owner of the real property located in Littlerock, California ("the property"). (Compl., ¶¶ 1, 3.) Plaintiff further alleges that Defendants are holdover occupants of the property acquired by Plaintiff in a trustee sale. (*See id.*, ¶¶ 3, 5-6.)

On August 24, 2016, Defendant Eli Perez (hereinafter, "Defendant") filed a Notice of Removal, invoking the Court's diversity jurisdiction. (Removal at pp. 2-

4.) In addition, Defendant filed a request to proceed in forma pauperis. (Dkt. No. 3.) However, after reviewing the Notice of Removal and the accompanying documents, the Court determines that it lacks subject matter jurisdiction over this matter.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant claims that complete diversity exists here and the amount in controversy exceeds $75,000, therefore meeting the requirements of 28 U.S.C. § 1332(a) for diversity jurisdiction. Having reviewed the Notice of Removal and the unlawful detainer complaint, however, the Court determines that there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing this action, Plaintiff explicitly limited its demand for damages to "under $10,000." (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED:  August 31, 2016

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE